942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin CAZAREZ-ANGULO, Defendant-Appellant.
 No. 91-50263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1991.*
Decided Aug. 28, 1991.
 
 1
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and KING, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 We review a trial court's refusal to allow the withdrawal of a guilty plea for abuse of discretion. United States v. Hoyos, 892 F.2d 1387, 1399 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990). Appellant cites two reasons for the withdrawal of his guilty plea: (1) that he was not informed of the U.S. Attorney's policy of allowing individuals arrested with less than 100 pounds of marijuana to plead guilty to a misdemeanor under 21 U.S.C. § 844(a) and was not offered such a plea; and (2) that he did not understand the consequences of his plea because he did not speak English and had a limited education.
 
 
 4
 First, prosecutors have no duty to advise defendants of their plea practices in similar cases. Second, our review of the record shows the district court to have been scrupulous in making sure that appellant understood the consequences of his plea. We hold, therefore, that appellant has not demonstrated a "fair and just" reason for the withdrawal of his guilty plea pursuant to Rule 32(d) and that the trial court did not abuse its discretion in denying appellant's motion.
 
 
 5
 Appellant further contends that the district court failed to comply with Rule 11 because it did not establish through its own interrogation of the defendant that he intended to distribute the marijuana in his possession. We share appellant's concern about the sufficiency of the district court's interrogation under Rule 11. United States v. McCarthy, 394 U.S. 459 (1969), requires more to establish intent than reading the charge to defendant and asking him, "Did you do that?"
 
 
 6
 However, appellant did admit intent to distribute at the time of his arrest. Under these circumstances, the district judge's failure to inquire about appellant's intent to distribute was harmless error. See Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.").
 
 
 7
 Appellant also argues that because he was charged with a more serious offense than was typical, he was denied equal protection. However, charging decisions are within the prosecutor's discretion, so long as they are not based on impermissible reasons such as race, religion, or other arbitrary classifications. United States v. Sanchez, 908 F.2d 1443, 1445 (9th Cir.1990). Appellant was not denied equal protection when he was charged with the more serious offense.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3